| Attorney or Appellant Name, Address , Telephone, and Fax Number | FOR COURT USE ONLY |
|---|---|
| Charles E. Fogarty, Pro Se<br>251 Narragansett Avenue East<br>Wakefield, Rhode Island 02879<br>(401) 965-6417<br>*Attorney for Appellant* | |
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF RHODE ISLAND** | |
| In re:<br>BRUSHY BROOK DEVELOPMENT COMPANY, LLC<br>Debtor (s) | |
| Debtor's Social Security No(s). unknown | CHAPTER 7<br>CASE NUMBER 1:05-bk-13009 |
| Employer's Tax Identification Nos. [if any] unknown | ADVERSARY NUMBER |

## NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that the (check only one box) ☐ plaintiff ☐ defendant or ☒ other party (specify name of party) CHARLES E. FOGARTY, appeals under 28 U.S.C. section 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe judgment, order or decree) ORDER APPROVING COMPROMISE entered in this adversary proceeding or other proceeding (describe other proceeding) ______ on the 26th day of June, (year) 2008 (Date Motion for Reconsideration was denied)

2. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax numbers of their respective attorneys are as follows:

   (Print or type names, addresses, telephone, and fax numbers)

   SEE ATTACHMENT

CONTINUED ON NEXT PAGE

**Form 17**

| In re (SHORT TITLE) | |
|---|---|
| BRUSHY BROOK DEVELOPMENT COMPANY, LLC<br>Debtor. | CHAPTER 7<br>CASE NUMBER 1:05-bk-13009 |

Dated: July 3, 2008

Signature (*Attorney for Appellant or Appellant if not represented by an Attorney*)

(Print or type name, address, telephone and fax numbers)

Charles E. Fogarty, Pro Se
251 Narragansett Avenue East
Wakefield, Rhode Island 02879
(401) 965-6417

**If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. section 158 (c), to have the appeal**

## PROOF OF SERVICE

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

1. I am employed in the County of Washington, State of Rhode Island. I am over the age of 18 and not a party to the within action. My business address is as follows:

   24 Salt Pond Road, Suite B-1, Wakefield, RI 02879

2. **Regular Mail Service:** On July 3, 2008, I served the documents described as: NOTICE OF APPEAL on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Wakefield, Rhode Island, addressed as set forth below.

SEE ATTACHMENT

☒ Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 3, 2008

Carol A. Hammond
*Type Name*

Carol A Hammond
*Signature*

ATTACHMENT TO NOTICE OF APPEAL

Names and addresses of all parties to the Judgment:

Leonard J. DePasquale, Esq., AUST
United States Trustee's Office
10 Dorrance Street, Suite 910
Providence, Rhode Island 02903

Charles A. Pisaturo, Jr., Trustee
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, Rhode Island 02907

Matthew J. McGowan, Esq.,
Attorney for Trustee
Salter McGowan Sylvia & Leonard
321 South Main Street
Providence, Rhode Island 02903

Robert D. Wieck, Esq.
Denean M. Russo, Esq.
Attorneys for LR6-A, LLC
MacAdams Wieck Deluca & Gemma Incorporated
101 Dyer Street, Suite 400
Providence, Rhode Island 02903

Stephen J. Brouillard, Esq.
Orson & Brusini Ltd.
Attorney for Brushy Brook Development Company, LLC
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Theodore Orson, Esq.
325 Angell Street
Providence, Rhode Island 02906

Thomas E. Carlotto, Esq.
Shechtman Halperin Savage
1080 Main Street
Pawtucket, Rhode Island 02860

Peter J. Furness, Esq.
Sinapi Formisano & Co.
100 Midway Place, Suite 1
Cranston, Rhode Island 02920

Akhil M. Patel, Esq.
Thompson Hine LLP
10 West Broad Street
Columbus, Ohio 43215

William M. Dolan, III, Esq.
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, Rhode Island 02903

John A. Tarantino, Esq.
Patricia A. Rocha, Esq.
Joseph Avanzato, Esq.
Katy A. Hynes, Esq.
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

Vincent A. Indeglia, Esq.
Indeglia & Associates
1485 South County Trail
East Greenwich, Rhode Island 02818

Rhode Island Division of Taxation
One Capitol Hill, Suite 2-D
Providence, Rhode Island 02908

John P. McCoy, Esq.
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, Rhode Island 02903

James Ottenbacher
P.O. Box 471
Cape Canaveral, Florida 32920

Steven Kaufman
8574 E. Vista Bonita Drive
Scottsdale, Arizona 85255

The above listing is also incorporated as part of Paragraph 2 of the Proof of Service

R.I. Bankr. Form S
*See* R.I. LBR 8001-1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br>BRUSHY BROOK DEVELOPMENT COMPANY, LLC<br>Debtor(s) | BK No. 1:05-bk-13009<br>Chapter 7 |

**APPELLANT ELECTION FORM**

Appeal of Order or Judgment of U.S. Bankruptcy Court, District of Rhode Island dated June 26, 2008, Doc. No. 436-435, and underlying Doc. No. 421-420

| | |
|---|---|
| CHARLES E. FOGARTY<br>APPELLANT(S) | APPELLEE(S) |
| Attorney Pro Se<br>(Firm Name, Address, and Telephone No.)<br>251 Narragansett Avenue East<br>Wakefield, Rhode Island 02879<br>401-965-6417 | Attorney (If known) |

[ ] I ELECT TO HAVE THIS APPEAL HEARD BY THE BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

[X] I ELECT TO OPT OUT OF THE BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT AND REQUEST THAT THIS APPEAL BE HEARD BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

By: Charles E. Fogarty
Signature of Attorney (or Appellant, if pro se)

Dated: 7/3/08

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

BRUSHY BROOK DEVELOPMENT CO., LLC
Debtor

BK 05-13009
CHAPTER 7

MOTION FOR LEAVE TO APPEAL AND FOR STAY OF ORDER

CHARLES E. FOGARTY, Appellant, hereby moves this Court for Leave to Appeal the Order of the Bankruptcy Court Approving the Compromise (Document No. 421-420 entered on June 4, 2008) as upheld by Order Sustaining Objection to Motion for Reconsideration (Document No. 436-43 entered on June 26, 2008) in the above matter and for a stay of said Order Approving Compromise pending resolution of the appeal.

Appellant is a minority shareholder of Stone Ridge, Inc., a Rhode Island Corporation, whose sole asset is its status as sole member of Debtor, Brushy Brook Development Company, LLC. Debtor's sole asset consists of a second mortgage from Boulder Brook Development, LLC ("Boulder Brook") which is junior to a first mortgage from Boulder Brook to LR6-A, LLC ("LR6-A") and which was part of a sale by Debtor to Boulder Brook of real estate situated in Hopkinton, Rhode Island. The mortgage held by LR6-A is admitted by all of the parties to be usurious under applicable Massachusetts law, and the compromise approved by the Bankruptcy Court will allow this first mortgage (which is in default) to be foreclosed with only a token payment being made to the Trustee to satisfy the Debtor's mortgage. The token payment will not result in any benefit to Stone Ridge, Inc. or Appellant. Once the mortgage held by LR6-A is foreclosed, no assets will remain to satisfy creditors, and no viable remedy or relief will remain available to damaged and inured parties. It is therefore imperative that the Order Approving the Compromise be stayed pending determination of the appeal by the District Court.

Appellant has been unsuccessful in his efforts to have the Bankruptcy Court order a completion of discovery, and the Order Approving the Compromise was entered without the Court hearing testimony with respect to the Compromise. The Order was entered following one or more conferences in chambers, and Appellant was thereby precluded from presenting testimony or other evidence in open court that Appellant believes would have argued persuasively against the Compromise. Appellant affirmatively seeks orders from the District Court directing that the parties engage in full and thorough discovery consistent with the Trustee's Discovery Schedule submitted in 2007 and for such other discovery as the Court deems appropriate.

Appellant has consistently maintained that the transaction that precipitated the bankruptcy filing – the sale of real estate in Hopkinton, Rhode Island by Debtor to Boulder Brook – was a fraudulent conveyance and was a fraud perpetrated on Appellant and other creditors of Stone Ridge, Inc. Appellant also believes that the loan from LR6-A was part of a loan to own scam and that it represents one of a number of similar transactions involving LR6-A and related parties and entities.

Under applicable Massachusetts law the Bankruptcy Court has the option to void the usurious loan held by LR6-A if such action would be supported by all of the facts. Instead and without determining those facts the Court made a modest amendment to the interest rate from a stated rate of 21% to 18%. Appellant contends that if all of the facts had been determined following discovery those facts would have provided a strong basis to support a voiding of the usurious loan by the Court.

Although he was subpoenaed to testify, Appellant has not been allowed to testify in any proceeding related to this matter. Had Appellant been able to testify, the Bankruptcy Court

would have learned facts that have been withheld from it and are now being avoided by the Compromise. Appellant is the individual with the most knowledge of the property involved and the development project that was proposed and approved for the property. Appellant has had extensive dealings with the other shareholders of Stone Ridge, Inc. and can provide information relating to the management of the property, the development project and actions of adverse parties in the formation of Debtor and the transaction with Boulder Brook. Appellant can provide information and evidence on the conflict of interest of parties involved in Boulder Brook and specifically with respect to Accountant Ralph Palumbo and Attorney Jonathan Savage.

Appellant has attempted to make the Bankruptcy Court aware that there has been widespread and organized perjury by adverse parties, but the Court has declined to pursue these matters.

Appellant has maintained that the adverse parties have consistently under valued the property involved, and Appellant has submitted appraisals used by Debtor placing a value on the premises that are significantly higher than it was sold for to Boulder Brook. The Bankruptcy Court has not addressed the valuation discrepancy.

Appellant has maintained that the transaction was part of a larger criminal venture. During the course of the bankruptcy proceeding and events leading to the case being filed, Appellant and his family have been threatened. Appellant believes that the threats have been due to his actions with respect to the real estate transaction and the bankruptcy case.

The real estate transaction that resulted in the filing of this case with the Bankruptcy Court consisted of a sale of the Debtor's only asset for terms that will result in Debtor receiving no monies. All of the funds actually paid at the closing were used to pay Debtor's secured creditor and transactional expenses (legal, title, processing expenses, etc.). At the time of the

transaction, another offer was made that would have resulted in some economic benefit to Debtor, its sole member, Stone Ridge, Inc., and the shareholders of Stone Ridge, Inc. Debtor, through its manager, Grant Schmidt, elected to accept the transaction that yielded no apparent benefit. It defies logic and common sense unless there were other considerations involved. Appellant has maintained that Grant Schmidt, his brother Byron Schmidt and parties associated with Grant Schmidt misapplied monies intended for development of the property, misappropriated these funds, diverted corporate monies for their personal uses and defrauded Appellant. Testimony presented in the Bankruptcy Court supports these contentions.

Until the Trustee proposed a discovery schedule in 2007, no meaningful settlement negotiations were held, and now the Compromise approved by the Bankruptcy Court will close, lock and bar the door on efforts to ascertain the facts in this matter. Unless the Order Approving the Compromise is vacated pending completion of discovery, Appellant will be irrevocably and irretrievably harmed. Appellant stands to lose a pro rata share of Debtor's net value, which gross value was valued in 2005 to be between 8 and 10 million dollars. Unless discovery is completed, the integrity of the federal judicial system will be diminished by orders and proceedings that instead of shedding the light on the facts and letting the truth come out, covered the affair in a cloak of darkness.

Appellant respectfully requests that the appeal be granted and that all orders of the Bankruptcy Court be stayed pending resolution of the appeal.

Respectfully Submitted,

Charles E. Fogarty
251 Narragansett Avenue East
Wakefield, Rhode Island 02879

CERTIFICATION

On the 3rd day of July, 2008 I caused copies of the foregoing to be mailed by first class mail, postage prepaid, to the attorneys and parties listed on the Notice of Appeal filed herewith.