5/10/08

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: BRUSHY BROOK DEVELOPMENT COMPANY, LLC, Debtor. | : : : : | B.K. CASE NO. 05-13009 Chapter 7 |

**JOINT MOTION FOR APPROVAL OF COMPROMISE**

LR6-A, LLC ("LR6-A") and the Chapter 7 Trustee ("Trustee") hereby jointly move pursuant to Bankruptcy Rule 9019(a) that the Court approve the compromise and settlement as set forth herein. In support of this Motion, LR6-A and Trustee respectfully state as follows:

BACKGROUND

1. On August 16, 2005, creditors of Brushy Brook Development Co., LLC ("Brushy Brook") filed an involuntary Chapter 7 bankruptcy petition against that Debtor and on March 1, 2006 an order for relief was entered against it, following which the Trustee was appointed by the Court;

2. On or about June 29, 2007, LR6-A filed a Motion For Relief From The Automatic Stay ("Stay Motion"), in which Stay Motion LR6-A sought relief from the automatic stay to foreclose its First Mortgage on the Property, as defined herein;

3. The Stay Motion was necessitated by the fact that Brushy Brook held a junior mortgage on the Property;

4. Trustee objected to the Stay Motion ("Objection") and the Court conducted several hearings thereon;

5. In the Objection, Trustee asserted, *inter alia* that the loan made by LR6-A to Boulder Brook Development, LLC ("Boulder Brook") violated the usury laws of the Commonwealth of Massachusetts;

6. On or about September 12, 2007, LR6-A commenced a declaratory relief action against Boulder Brook in the Business Litigation Session Of The Superior Court For Suffolk County, Massachusetts ("Declaratory Relief Action");

7. On or about August/September 2007, Trustee filed an involuntary bankruptcy petition against Boulder Brook ("Boulder Brook Bankruptcy Proceeding");

8. On or about January 18, 2008, LR6-A and Trustee filed a Joint Motion For Entry Of Consent Order ("Joint Motion"), which Joint Motion was denied by the Court on March 6, 2008; and

9. LR6-A and the Trustee have reached an agreement relating to the compromise and settlement of the claims that Trustee may have against LR6-A, including, *inter alia* the usury claim, and pursuant to Bankruptcy Rule 9019(a) the Trustee and LR6-A hereby move this Court to approve said compromise and settlement.

## SUMMARY OF SETTLEMENT

On the condition that this Court approves the compromise and settlement, and enters an Order approving said compromise and settlement consistent with the terms and provisions hereof, then the parties agree as follows:

1. LR6-A shall waive its claim for any interest that would otherwise accrue on the Note which is secured by its first priority mortgage ("First Mortgage") covering the real property of Boulder Brook Development, LLC, which is commonly known as The Reserve at Brushy Brook (Tax Assessor's Plat 32, Lots 68, 69, 70 & 71) and located at Dye Hill Road and 130 Dye Hill Road, Town of Hopkinton, County of Washington, Rhode Island (collectively, the "Property"), except for simple interest accruing on the unpaid principal balance of the Note at the rate of eighteen

(18%) percent per annum ("Approved Interest");

2. That LR6-A's Motion for Relief from the Automatic Stay shall be GRANTED;

3. LR6-A shall be authorized to exercise all of its state law rights and remedies including without limitation foreclosure of its first priority mortgage covering the Property. With respect to the exercise of said rights and remedies, including inter alia for credit bid authorization and sales proceeds allocation, the mortgage indebtedness secured by the First Mortgage shall be the sum of the: (a) unpaid principal balance of the Note; (b) Approved Interest; and (c) reasonable collection expenses, including reasonable attorneys' fees as agreed to by the Trustee or approved by the Court;

4. LR6-A shall be authorized to foreclose the Property substantially in accordance with the Foreclosure Protocol attached hereto;

5. That the Order shall constitute a final adjudication of any and all claims and defenses which the Trustee may have against LR6-A arising under the Note or loan documents related thereto, including the issues raised in the Objection, including inter alia that the Note was usurious and/or that the interest prescribed by the Note or any other related loan documents was unlawful or unenforceable in any way;

6. That this Order shall not be stayed until the expiration of 10 days after the entry of the order in accordance with Rule 4001(a)(3) of the Rules of Bankruptcy Procedure and that LR6-A, LLC is authorized to exercise all of its state law rights and remedies, including without limitation, foreclosure of its First Mortgage covering the Property substantially in accordance with the Foreclosure Protocol immediately upon entry of this Order;

7. The Trustee shall be entitled to be receive whatever proceeds, if any, from such foreclosure sale are available to it for its junior mortgage on the Property. If the Trustee receives $100,000 or more from such proceeds, then there shall be no "LR6-A Contribution" as defined herein. If the Trustee receives an amount that is less than $100,000 from such proceeds, then LR6-A shall pay to the Trustee, within thirty (30) days of the foreclosure sale of the Property, the difference between such sum, if any, as the Trustee shall have received from such foreclosure proceeds and $100,000 (the "LR6-A Contribution"). LR6-A has represented to the Trustee that it has the financial capability to pay such LR6-A Contribution in cash as and when it may be required to be paid hereunder, and acknowledges that the Trustee is relying on such representation in entering into this settlement. If LR6-A has not carried out a foreclosure sale of the

Property by September 1, 2008, it shall pay $100,000 to the Trustee on such date, whereupon LR6-A shall be relieved of its obligation to pay the LR6-A Contribution and it shall be entitled to receive at the time the foreclosure sale ultimately occurs the first $100,000 of such monies, if any, that otherwise would have been payable to the Trustee from the proceeds of such sale;

8. Trustee shall file a Dismissal Stipulation which will dismiss the Boulder Brook Bankruptcy Proceeding; and

10. LR6-A shall dismiss the Declaratory Relief Action.

ARGUMENT

1. Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve the proposed settlement. "A settlement agreement should be approved as long as it does not 'fall below the lowest point in the range of reasonableness.'" *In re Healthco Int'l, Inc.*, 136 F.3d 45, 51 (1st Cir. 1998), quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983). *See In re Mailman Steam Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir.2000)(test is whether the trustee's actions fall within the universe of reasonable actions, not whether pressing onward might produce more funds); and *In re Beaver Street Partnership*, 244 B.R. 185, 186 (Bankr. D. Mass. 2000) (standard is whether "the terms of the proposed compromise fall within the reasonable range of litigation possibilities"). The First Circuit also has held that a bankruptcy court should consider the following factors in determining whether to approve a settlement:

a) The probability of success in the ligitation being compromised.

b) The difficulties to be encountered in the matter of collection;

c) The complexity of the litigation involved and the expense, inconvenience and delay in pursuing the litigation; and

d) The paramount interest of the creditors and a proper deference to their reasonable views.

*Jeffrey v. Desmond*, 70 F.2d 183, 185 (1st Cir. 1995). *See also In re Hydronic Enterprises, Inc.*, 58 B.R. 363 (Bankr. D.R.I. 1986)(applying factors bearing on question

of whether compromise should be approved); *In re Anolik*, 107 B.R. 426, 429 D.Mass. 1989); and *In re Lawrence Paperboard Corp.*, 52 B.R. 907, 909 (Bankr. D. Mass. 1985).

2. These factors, which this Court and the First Circuit have held should be considered in determining whether to approve such a compromise, and with which this Court is familiar, all militate in favor of approving this proposed settlement.

3. Pursuant to state and federal rules of evidence barring evidence concerning proposed settlements, and other applicable law, nothing herein, including the filing of this motion, shall in any way be used in any proceeding concerning the underlying claims identified herein.

WHEREFORE, LR6-A and the Trustee jointly move that the Court approve the compromise as set forth herein, and that it grant such other relief as is just.

LR6-A, LLC,

By its Attorneys,

/s/ Robert D. Wieck
Robert D. Wieck, Esq. #1739
Denean M. Russo #5043
MacAdams Wieck Deluca & Gemma Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Date: May 8, 2008

CHARLES A. PISATURO, CH. 7 TRUSTEE,
By his Attorneys,

/s/ Matthew J. McGowan
Matthew J. McGowan, Esq. #2770
Salter McGowan Sylvia & Leonard
321 South Main Street
Providence, RI 02906
(401) 274-0300
(401) 453-0073
Date: May 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the **JOINT MOTION FOR APPROVAL OF COMPROMISE** in this case with the Clerk of this Court using the CM/ECF System. The following are CM/ECF System participants in this case eligible to receive notice of the filing of such paper(s) electronically:

| | |
|---|---|
| Leonard J. DePasquale, Esquire | ustpregion01.pr.ecf@usdoj.gov |
| Stephen J. Brouillard, Esquire | sbrouillard@orsonandbrusini.com |
| Theodore Orson, Esquire | torson@orsonandbrusini.com |
| Thomas E. Carlotto, Esquire | tec@shlawri.com |
| Peter J. Furness, Esquire | pjf@brcsm.com |
| John Boyajian, Esquire | john@bhrlaw.com |
| Akhil M. Patel | Akhil.Patel@Thompsonhine.com |
| Charles A. Pisaturo, Jr., Esq. | cpisaturo@earthlink.net |
| William M. Dolan III, Esq. | wdolan@brownrudnick.com |
| John A. Tarantino, Esq. | jtarantino@apslaw.com |
| Attorney Patricia K. Rocha | procha@apslaw.com |
| Joseph Avanzato, Esq. | javanzato@apslaw.com |
| Attorney Katy A. Hynes | khynes@apslaw.com |
| Vincent A. Indeglia, Esq. | vaindeglia@aol.com |

I further hereby certify that I have this date served a copy of the above-referenced paper(s) on the following non CM/ECF participants by first class mail, postage prepaid, at the addresses noted below:

Rhode Island Division of Taxation
One Capitol Hill, Suite 2-D
Providence, RI 02908-5824

John P. McCoy, Esq.
Carroll, Kelly & Murphy
One Turks Head Place, Suite 400
Providence, RI 02903

May 8, 2008 /s/ Robert D. Wieck

G:\LR6-A\Boulder Brook\Bankruptcy Pleadings\Jnt Mtn for Approval of Compromise 050808.doc